GEORGE PEACOCK, Appellant, v. H. T. DOERRIES, Respondent.

Kansas City Court of Appeals, November 9, 1896.

Appellate Practice: CONFLICT OF EVIDENCE: TRIAL WITHOUT EXCEPTIONS. Where there are no instructions and no exceptions saved and the evidence is conflicting, the appellate court is powerless to interfere with the finding of the trial court.

*Appeal from the Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Crews & Thurmond* for appellant.

(1) The court erred in not giving plaintiff a new trial as the attention of the court was called to the principles above set out in motion for new trial. (2) The judgment should have been for plaintiff for $44.68 on the evidence, as there was no evidence contradicting plaintiff's claim that the wood was received by Cum-

berland, and used for paying for making the brick and defendant got the benefit thereof.

*I. W. Boulware* for respondent.

A judgment in a law action tried by the court where no objections were made and exceptions saved to any ruling of the court, and no instructions were asked or given, will not be reviewed. *Hill v. Kingsland*, 131 Mo. 648; 33 S. W. Rep. 162; *Thies v. Garbe*, 88 Mo. 146; *Parkinson v. Caplinger*, 65 Mo. 290; *Harrison v. Bartlett*, 51 Mo. 170; *Wilson v. Railroad*, 46 Mo. 36; *Gould v. Smith*, 48 Mo. 43; *Douglas v. Arr*, 58 Mo. 573; *Hammons v. Rediform*, 84 Mo. 532.

ELLISON, J.—This action is based on an account for sixty-three cords of wood, at $1.30 per cord, credited by part payment. No instructions were asked or given, and no exceptions were taken to ruling on the evidence. The judgment below was for the defendant. The wood was bought for the purpose of burning brick. Defendant paid for all that was delivered and measured at the brick yard. The balance was hauled away by the party who was burning the brick, but was not delivered, measured, or used at the brick kiln. It seems that defendant was not burning the brick himself, but was aiding the party who was doing so. The testimony for plaintiff tended to establish that the contract between plaintiff and defendant was that plaintiff bought the wood as it was corded on the ground where it was cut. On the other hand the evidence for defendant tended to show that he would not pay for any wood until it was delivered at the yard and measured. It is clear that if the testimony in behalf of defendant is to be believed the plaintiff can not recover. The trial court determined the case in favor of defendant's theory and we, under numerous cases in the appellate

courts of this state, are powerless to interfere. There need not be any contention or dispute over the propositions of law advanced by plaintiff, since the defendant has given evidence of a state of facts, which, if true (and we must accept it as true), determines the case here in his favor. Judgment is therefore affirmed. All concur.